UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:15-CV-700-JHM

**ANDREW UNDERWOOD,**                                                                              **Plaintiff,**

**v.**

**JOHN W. RYAN, et al.,**                                                                          **Defendants.**

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on the motion of Defendant Motorists Mutual Insurance Company ("Motorists") to bifurcate this action and stay discovery.  (DN 17.)  Specifically, Motorists asks the Court to bifurcate for purposes of trial the negligence claims asserted by Plaintiff Andrew Underwood ("Underwood") against Defendants John W. Ryan ("Ryan") and Rentco Trailer Sales and Rental, Inc. ("Apex")[1] from the bad faith claim asserted by Underwood against Motorists.  Motorists further requests that the Court stay discovery related to the bad faith claim until the negligence claims have been resolved.  No other party filed a response.  *See* LR 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion.").  Accordingly, the motion is ripe for review.  For the following reasons, Motorist's motion to bifurcate this action and stay discovery is **granted**.

**BACKGROUND**

This action stems from a September 17, 2013 motor vehicle accident.  Underwood alleges that while he was safely operating a moped and had the right of way, Ryan negligently turned his vehicle directly into Underwood's path, causing Ryan's truck to strike Underwood and

---

[1]      Motorists avers that the complaint "erroneously refers" to this entity as "Rentco Trailer Sales and Rental, Inc." and that it is properly referenced as "Apex Trailer Service, Inc."  (DN 17 at 1.)  This is supported by Apex's corporate disclosure pursuant to Rule 7.1 of the Federal Rules of Civil Procedure (DN 5), in which Apex states that it is "erroneously referred to" as Rentco.  For that reason, the Court refers to the entity as "Apex" herein.

his moped and causing him to suffer serious injury. (DN 1-2 at 1-2.) Underwood asserts that Ryan acted negligently and that Ryan's employer, Apex, is vicariously liable for his actions. Against Motorists, Underwood asserts a bad faith claim pursuant to Kentucky common law and KRS 304.12-230. Underwood alleges that Motorists acted in bad faith by refusing to negotiate on a claim pursuant to a liability insurance policy on behalf of its insureds, Apex and Ryan.

Motorists now asks that the Court bifurcate this action for purposes of discovery and trial pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. It argues that bifurcation is necessary in order to avoid undue prejudice that would "aris[e] from the unnecessary intermingling of any proof of bad faith with the trial of the claims against Defendants, Ryan and Apex, concerning the underlying motor vehicle accident." (DN 19 at 2.) Motorists further argues that separate trials of the negligence and bad faith claims will serve the interests of judicial economy and convenience and avoid juror confusion. Motorists notes that if Underwood's negligence claims fail, there will be no need for further litigation of the bad faith claim. As noted above, no other party filed a response to Motorists' motion.

## DISCUSSION

The motion now before the Court raises two issues: (1) whether to bifurcate the case for trial; and (2) whether to stay discovery as to the bad faith claim. Resolution of both issues is within a trial court's discretion. *C.A. Jones Mgmt. Group, LLC v. Scottsdale Indem. Co.*, 2015 U.S. Dist. LEXIS 33430, *3-4 (W.D. Ky. March 18, 2015) (citations omitted); *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (stating that a district court's decision to bifurcate a trial is reviewed for abuse of discretion).

Rule 42(b) of the Federal Rules of Civil Procedure provides as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

Fed. R. Civ. P. 42(b).

"The piecemeal trial of separate issues in a single lawsuit . . . is not to be the usual course.  Thus, Rule 42(b) should be resorted to only as the result of informed discretion when the district judge believes that separation will achieve the purposes of the separate trial rule." *Frank Betz Assocs. v. J.O. Clark Constr., LLC*, 2010 U.S. Dist. LEXIS 117961, *3 (M.D. Tenn. Nov. 5, 2010) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2388 (3d ed. 2008)) (footnotes omitted).

In this case, it is clear under Kentucky law that Underwood's bad faith claims against Motorists cannot proceed until Underwood proves that he is entitled to recover on his negligence claims.  *See White v. ABG Caulking Contrs., Inc.*, 2014 U.S. Dist. LEXIS 32413, *3 (W.D. Ky. Mar. 13, 2014) (citing *Wittmer v. Jones*, 864 S.W.2d 885, 891 (Ky. 1993) ("[A]t trial, the underlying negligence claim should be first adjudicated.  Only then should the direct action against the insurer be presented.")) (additional citation omitted).  In *ABG Caulking*, this Court provided a succinct discussion of the policy reasons for permitting bifurcation in a case involving negligence and bad faith claims:

> [B]ifurcation serves the interests of judicial economy and convenience where resolution of one claim may resolve the entire matter.  Bifurcation of the trials will avoid the expense of litigating issues that may never arise.  Bifurcation also will permit the jury to focus on a single issue at a time, thereby avoiding the introduction of potentially confusing evidence until absolutely necessary.  Furthermore, the Court recognizes the risk of prejudice, particularly to [the defendant facing a bad faith claim], inherent in trying [the plaintiff's] bad faith claim simultaneously with its negligence claim[.]  Trying the two claims together would be prejudicial because it would unnecessarily interject the issue of bad

> faith into the primary dispute of liability, thereby making discovery more difficult and complicating the issues at trial . . . Bifurcation would not, however, prejudice [the plaintiff], as it will have the opportunity to litigate its bad faith claim . . . if it succeeds on its underlying [negligence] claim . . . .

*ABG Caulking*, 2014 U.S. Dist. LEXIS 32413 at *4-5 (citing *Shearer v. Ohio Cas. Ins. Co.*, 2012 U.S. Dist. LEXIS 134903, *2 (E.D. Ky. Sept. 20, 2012); *Hardy Oil Co. v. Nationwide Agribusiness Ins. Co.*, 2011 U.S. Dist. LEXIS 139932, *1 (E.D. Ky. Dec. 6, 2011); *Pollard v. Wood*, 2006 U.S. Dist. LEXIS 13459, *2 (E.D. Ky. Mar. 27, 2006)).

The above excerpt discussing considerations favoring bifurcation applies in this case. If Underwood's underlying negligence claims are resolved in favor of Ryan and Apex, then his bad faith claim against Motorists will necessarily fail. Thus, bifurcation will allow Motorists – and Underwood – to avoid expenses associated with litigating a bad faith claim that may never move forward. It will also reduce the risk of confusion of issues, prevent prejudice to Motorists, and further judicial economy.

Good cause also exists to grant Motorists' request that the Court stay discovery on the bad faith claim until the negligence claims are resolved. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of a case are determined." *ABG Caulking*, 2014 U.S. Dist. LEXIS 134903, *5 (quoting *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (internal citation omitted)). Here, the Court finds that staying discovery of Underwood's bad faith claim against Motorists pending resolution of his negligence claims against Ryan and Apex would prevent prejudice, eliminate potentially unnecessary litigation expenses, and promote the interest of judicial economy.

Accordingly, IT IS HEREBY ORDERED that Motorists' motion to bifurcate (DN 17) is **GRANTED**. Underwood's bad faith claim is hereby BIFURCATED for purposes of trial. Discovery as to the bad faith claim is hereby STAYED pending further order of the Court. Unless and until such stay is lifted, no party shall conduct discovery on any issue that is solely related to the bad faith claim.

cc: Counsel of record